Ex Parte George W. McNeal.

No. 9907. Delivered November 25, 1925.

**Habeas Corpus—Bail—When Granted.**

Where an application is made for bail, by writ of habeas corpus, unless we are satisfied from the evidence presented here that upon a trial

before an impartial jury the death sentence would be inflicted, it becomes our duty to grant bail. Not being so satisfied, the judgment of the trial court is reversed, and bail is granted relator in the sum of seventy-five hundred dollars.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from an order and judgment denying appellant bail. Bail granted in the sum of $7,500.00.

The opinion states the case.

*O'Fiel, Weidemann & Regan,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—This is an appeal from an order and judgment of the Fifty-eighth District Court of Jefferson County, Texas, denying appellant bail.

The facts stated in the record are meager. Appellant was charged with rape of a girl under the age of consent. For some reason the State did not see fit to use this girl as a witness on this hearing. Her mother testified that on Saturday night, April 19, 1924, she had occasion to examine the girl and found that her privates were irritated, torn and bleeding. She further said that she got a doctor to examine the girl. She also stated that on the same night the wife of appellant accompanied by a Mr. Fudge and his wife, came to see her. Also that soon after the alleged occurrence Drs. Tatum and Holland examined the girl. The testimony of this witness and that of a brother-in-law of the girl constituted the State's case. The brother-in-law testified that on the 19th of April, in the night time, he with one Cambric, Wynne and Smith made search for the girl and that when they found her she was in a car on the back seat and appellant was lying on her and that her clothes were up and his were down. He said he attacked appellant and began beating him, and that appellant remonstrated with him and wanted to know what he meant by it.

Appellant placed on the stand the witness, Cambric, who was with Bridges, the prosecutrix's brother-in-law, when they found appellant and the girl in the car on the night of April 19th. Cambric swore that when they drove up to the car in which appellant and the girl were, the girl was sitting on the left-hand side of the car and appellant on the right-hand side, and that Bridges jumped out of the car in which witness was and

attacked appellant and began beating him. Witness said he asked the little girl if appellant had hurt her and she said she did not know, but he heard her tell Smith that she was hurt. Appellant also put on the witness stand Mr. Fudge, who said he went with appellant's wife to see the mother of the prosecutrix on the night of the alleged occurrence, and that said mother told them that appellant had not accomplished his purpose with the girl. Mrs. McNeal, wife of appellant, testified as did Fudge, that the mother of prosecutrix told them that he had not accomplished his purpose with the girl. Mrs. McNeal also said she went back the next morning, which was Sunday morning, and found the girl dressed and ready to go to Sunday school; that she was up and playing around. Appellant took the stand and testified that he did not assault the girl, and further stated that he was very much intoxicated on the evening of the occurrence, and that he was supposed to meet his wife and went with the car down to where he was to meet her but she was not there, and he drove around and some children came to the car and asked him to take them for a ride and that they got in the car and he drove them around. He gave some of them some money and while he was waiting for them to come back from buying candy, Bridges came up to the car and attacked him, caught him by the belt and yanked him out of the car, and pulled his clothing almost off of him, and beat and kicked him. The State introduced the verdict of a jury which tried appellant on a former occasion, from the judgment in which case an appeal was brought to this court and the case reversed and remanded.

We do not understand why the girl was not used as a witness, nor why the record does not contain the testimony of some of the doctors who examined the girl, nor why Wynne and Smith, who accompanied Cambric and Bridges at the time it is claimed the girl was found in appellant's car, were not placed on the stand. We are not able to say from the record before us that upon the presentation of this evidence to a jury there would be a likelihood of a capital conviction. Bridges was contradicted by one witness, and the mother of prosecutrix by two. Unless we are satisfied from the evidence presented here that upon a trial before a fair and impartial jury the death sentence would be inflicted, it becomes our duty to grant bail. Not being so satisfied, the judgment of the trial court is reversed and bail granted in the sum of seventy-five hundred dollars.

*Reversed and remanded.*